1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

9

| | | |
|---|---|---|
| RANDY YINGLING, | ) | 1: 08-cv-01262 GSA |
| | ) | |
| Plaintiff, | ) | SCHEDULING ORDER (Fed.R.Civ.P 16) |
| | ) | |
| v. | ) | Discovery Deadlines: |
| | ) |     Initial Disclosures: February 13, 2009 |
| | ) |     Non-Expert: October 1, 2009 |
| | ) |     Expert Disclosures: December 1, 2009 |
| SK FOODS, LP, SK FOODS, INC., SCOTT | ) |     Supp. Expert Discl.: January 7, 2010 |
| SALYER and DOES I - XX, | ) |     Expert Discovery: March 5, 2010 |
| | ) | |
| Defendants. | ) | Motion Deadlines: |
| | ) |     Non-Dispositive: March 19, 2010 |
| | ) |     Dispositive: May 14, 2010 |
| | ) | |
| | ) | Pre-Trial Conference: |
| | ) |     June 30, 2010 at 3:30 p.m. |
| | ) |     Courtroom 10 (GSA), 6th Floor |
| | ) | |
| | ) | Trial:  October 5, 2010 at 9:00 a.m. |
| | ) |     Courtroom 10 (GSA), 6th Floor |
| | ) |     10-15 Day Jury Trial |
| | ) | |
| | ) | Settlement Conference: |
| | ) |     July 7, 2010 at 10:00 a.m. |
| | ) |     Courtroom 7 (SMS), 6th Floor |
| | ) | |
| | ) | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**I.**    <u>**Date of Scheduling Conference**</u>

February 4, 2009.

27

28

1

II.     **Appearances of Counsel**

Daniel M. Kopfman appeared telephonically on behalf of Plaintiff Randy Yingling.

Brian P. Maschler appeared telephonically on behalf of Defendants SK Foods, LP, and SK Foods, Inc.

III.    **The Pleadings**

1.     **Plaintiff's Contentions**

Plaintiff asserts claims of wrongful termination in violation of public policy, breach of employment contract-wrongful termination, age discrimination, and retaliation.

2.     **Defendants' Contentions**

Defendants contend Plaintiff's termination was not motivated by retaliation, nor did Defendants discriminate against Plaintiff on the basis of his age.

Defendants deny Plaintiff's contentions regarding complaints he purportedly made to Defendants while in their employ.

Defendants contend that Plaintiff was terminated for failing to perform at the expected standard and for continuing behavioral issues.  Additionally, Defendants contend multiple complaints were lodged regarding Plaintiff and his job performance.

Defendants contend that Plaintiff's employment was terminable at will, and there was no employment contract, oral or written, express or implied.

IV.     **Factual Summary**

A.     **Uncontested Facts:**

1.     Plaintiff was employed by Defendant SK Foods, LP, SK Foods, Inc. during the relevant time periods.

2.     Plaintiff was terminated from his employment on or about September 29, 2007.

3.     At the time of termination, Plaintiff was fifty-six years of age.

2

4.      On December 17, 2007, a right to sue notice was issued to Plaintiff by the California Department of Fair Employment and Housing after Plaintiff filed a complaint with the agency.

5.      On June 3, 2008, a right to sue notice was issued to Plaintiff by the Equal Opportunity Commission after Plaintiff filed a complaint with the agency.

**B.      Contested Facts:**

**1.      From Plaintiff's Perspective:**

a.      Plaintiff's employment by Defendant was governed by an employment contract not to terminate except upon good cause.

b.      Plaintiff was terminated from his employment without justifiable cause.

c.      Plaintiff's age was a factor in Defendant's decision to terminate his employment.

d.      Since Plaintiff's termination his job duties have been performed by a substantially younger individual who did not complain of discrimination, harassment, and illegal activities.

e.      Defendant has a pattern and practice of terminating the employment of older workers.

f.      Plaintiff's complaints of sexual harassment observed in the workplace were a motivating factor in Defendant's decision to terminate Plaintiff's employment.

g.      Plaintiff's complaints of Defendant's unlawful activities were a motivating factor in Defendant's decision to terminate Plaintiff's employment.

h.      Defendant did not take all steps necessary to prevent or correct discrimination and harassment.

i.      Plaintiff complained to Defendant about sexual harassment he observed in the workplace.

3

1          j.       Plaintiff complained about numerous unlawful activities during his

2    employment.

3          **2.      From Defendant's Perspective:**

4          a.       Plaintiff's former employment at SK Foods, LP was terminable at will.

5          b.       There did not exist any employment contract, either written or oral,

6    express or implied, between Plaintiff and his former employer, SK Foods, LP.

7          c.       Plaintiff was terminated because of job performance.

8          d.       Plaintiff was advised of his employer's expectations with respect to job

9    responsibilities and performance in the areas on which he needed to improve.

10          e.       Before Plaintiff's employment was terminated, SK Foods had received

11   multiple complaints about Plaintiff's job performance and behavior.

12          f.       Plaintiff's age played no part in his termination.

13          g.       The person who assumed Plaintiff's job responsibilities after Plaintiff's

14   termination is well over forty years old.

15          h.       Plaintiff did not complain about sexual harassment or legal violations prior

16   to his termination.

17          i.       Plaintiff's purported complaints about harassment or alleged misconduct

18   were not a factor in SK Foods, LP's decision to terminate his employment.

19   **V.     Summary of Legal Issues**

20          The Plaintiff's legal issues are set forth in his complaint, and are summarized as

21   follows:

22          Plaintiff contends that Defendants' decision to terminate him was, in part,

23   motivated by his age, in violation of California Government Code § 12941, et seq. and/or 29

24   U.S.C. § 621. et seq.; and/or in retaliation for complaining about and opposing sexual

25   harassment, in violation of California Government Code § 12940, et seq.  Plaintiff further

26

27

28                                          4

1  contends that his termination was an unlawful breach of the employment contract, and a violation

2  of public policy.

3  **VI.   Consent to the Magistrate Judge**

4          The parties have consented in writing to conduct all further proceedings in this

5  case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge.  (28 U.S.C. §

6  636(c).)  As a result, on or about December 9, 2008, the Honorable Anthony W. Ishii, U.S.

7  District Judge, issued a consent order reassigning the matter to Magistrate Judge Gary S. Austin

8  for all purposes.

9  **VII.   Discovery Plan and Cut-Off Date**

10         The parties shall exchange initial disclosures pursuant to Federal Rule of Civil

11  Procedure 26 on or before **February 13, 2009**.  The parties are ordered to complete all discovery

12  pertaining to non-experts on or before **October 1, 2009**.

13         The parties are directed to disclose all expert witnesses, in writing, on or before

14  **December 1, 2009**.  The parties shall also disclose all supplemental experts on or before

15  **January 7, 2010**.  The written designation of experts shall **be made pursuant to Fed. R. Civ. P.**

16  **Rule 26(a)(2)(A) and (B) and shall include all information required thereunder**.  Failure to

17  designate experts in compliance with this order may result in the Court excluding the testimony

18  or other evidence offered through such experts that are not disclosed pursuant to this order.

19         The parties are directed to complete all expert discovery on or before **March 5,**

20  **2010**.  The provisions of Fed. R. Civ. P. 26 (b)(4) and (5) shall apply to all discovery relating to

21  experts and their opinions.  Experts must be fully prepared to be examined on all subjects and

22  opinions included in the designation.  Failure to comply will result in the imposition of sanctions,

23  which may include striking expert designation and preclusion of expert testimony.

24  **VIII.   Pre-Trial Motion Schedule**

25         All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be

26  filed no later than **March 5, 2010.**  Non-dispositive motions are heard on Fridays at 9:30 a.m.,

27

28                                          5

1    before the Honorable Gary S. Austin, United States Magistrate Judge in Courtroom 10. **Counsel**

2    **must comply with Local Rule 37-251 with respect to discovery disputes or the motion will**

3    **be denied without prejudice and dropped from calendar.**

4            In scheduling such motions, the Magistrate Judge may grant applications for an

5    order shortening time pursuant to Local Rule 6-142(d). However, if a party does not obtain an

6    order shortening time, the notice of motion *must* comply with Local Rule 37-251.

7            Counsel or pro se parties may appear and argue non-dispositive motions by

8    telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom

9    Clerk no later than five (5) court days before the noticed hearing date. In the event that more

10    than one party requests to appear by telephone then it shall be the obligation of the moving

11    part(ies) to arrange and originate a conference call to the court.

12            All Dispositive Pre-Trial Motions shall be filed no later than **May 14, 2010**, and

13    heard in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge. In

14    scheduling such motions, the parties shall comply with **Local Rules 78-230 and 56-260**.

15        **IX.**    **Pre-Trial Conference Date**

16            The pre-trial conference will be held on **June 30, 2010**, **at 3:30 p.m.** in

17    Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge. The parties

18    are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties

19    are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1]

20    format, directly to Judge Austin's chambers by email at gsaorders@caed.uscourts.gov. The

21    parties' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the

22    Eastern District of California, as to the obligations of counsel in preparing for the pre-trial

23    conference. The Court will insist upon strict compliance with those rules.

24

25

26            [1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is

27    acceptable.

28                               6

1

2  **X.**   <u>**Trial Date**</u>

3          The trial will be held on **October 5, 2010, at 9:00 a.m.** in Courtroom 10 before
the Honorable Gary S. Austin, United States Magistrate Judge.

4          A.      This is a jury trial.

5          B.      Parties' Estimate of Trial Time: 10-15 days.

6          The parties' attention is directed to Local Rules of Practice for the Eastern District
of California, Rule 16-285.

7

8  **XI.**   <u>**Settlement Conference**</u>

9          A Settlement Conference is scheduled for **July 7, 2010, at 10:00 a.m.** in

10  Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.  Unless

11  otherwise permitted in advance by the Court, <u>**the attorneys who will try the case**</u> shall appear at

12  the Settlement Conference <u>**with the parties**</u> and the person or persons having <u>**full authority**</u> to

13  negotiate and settle the case <u>**on any terms**</u>[2] at the conference.

14                  <u>CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT</u>

15          At least five (5) court days prior to the Settlement Conference the parties shall

16  submit, directly to Judge Snyder's chambers by e-mail to smsorders@caed.uscourts.gov, a

17  Confidential Settlement Conference Statement.  The statement <u>**should not be filed**</u> with the

18  Clerk of the Court <u>**nor served on any other party,**</u> although the parties may file a Notice of

19  Lodging of Settlement Conference Statement  Each statement shall be clearly marked

20  "confidential" with the date and time of the Settlement Conference indicated prominently

21  thereon.

22

23          [2]Insurance carriers, business organizations, and governmental bodies or agencies whose
settlement agreements are subject to approval by legislative bodies, executive committees, boards

24  of directors or the like shall be represented by a person or persons who occupy high executive
positions in the party organization and who will be directly involved in the process of approval of

25  any settlement offers or agreements.  To the extent possible the representative shall have the
authority, if he or she deems it appropriate, to settle the action on terms consistent with the

26  opposing party's most recent demand.

27

28                                          7

1    The Confidential Settlement Conference Statement shall include the following:

2         A.  A brief statement of the facts of the case.

3         B.  A brief statement of the claims and defenses, i.e., statutory or other

4    grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of

5    prevailing on the claims and defenses; and a description of the major issues in dispute.

6         C.  A summary of the proceedings to date.

7         D.  An estimate of the cost and time to be expended for further discovery,

8    pretrial and trial.

9         E.  The relief sought.

10        F.  The party's position on settlement, including present demands and

11   offers and a history of past settlement discussions, offers and demands.

12        Should the parties desire a settlement conference, they will jointly request one of

13   the court, and one will be arranged.  In making such request, the parties are directed to notify the

14   court as to whether or not they desire the undersigned to conduct the settlement conference or to

15   arrange for one before another judicial officer.

16   **XII.   Request for Bifurcation, Appointment of Special Master, or other**

17        **Techniques to Shorten Trial**

18        The parties have not requested bifurcation; however, Defendants reserve the right

19   to bifurcate in the event such bifurcation will serve judicial economy.

20   **XIII.  Related Matters Pending**

21        There are no related matters currently pending.

22   **XIV.  Compliance with Federal Procedure**

23        All counsel are expected to familiarize themselves with the Federal Rules of Civil

24   Procedure and the Local Rules of Practice of the Eastern District of California, and to keep

25   abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it

26   is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow

27

28                                      8

1  the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of

2  Practice for the Eastern District of California.

3  **XV.   <u>Effect of this Order</u>**

4           The foregoing order represents the best estimate of the court and counsel as to the

5  agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for

6  this case.  If the parties determine at any time that the schedule outlined in this order cannot be

7  met, counsel are ordered to notify the court immediately of that fact so that adjustments may be

8  made, either by stipulation or by subsequent status conference.

9           Stipulations extending the deadlines contained herein will not be considered

10  unless they are accompanied by affidavits or declarations, and where appropriate attached

11  exhibits, which establish good cause for granting the relief requested.

12           Failure to comply with this order may result in the imposition of sanctions.
    IT IS SO ORDERED.

13  **Dated:   February 6, 2009**           **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

9